IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT BELL, BW-9369,  )
    Petitioner,  )
      )
    v.  )   2:09-cv-1193
      )
BRIAN V. COLEMAN, et al.,  )
    Respondents.  )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Robert Bell for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Robert Bell, an inmate at the State Correctional Institution- Fayette has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Bell is presently serving a ten to twenty year sentence imposed on July 23, 1993, following his conviction upon a plea of guilty to charges of rape, burglary and possession of controlled substances at Nos. 4951 of 1992 and 012 of 1993 in the Court of Common Pleas of Montgomery County, Pennsylvania.[1] However, it is not his conviction which he seeks to

---

[1] See: Petition at ¶¶ 1-4.

challenge here but rather whether the Pennsylvania Board of Probation and Parole has illegally detained him beyond the date set for his parole.

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions

2

is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the Commonwealth conceded that the petitioner has exhausted the available state court remedies in challenging his continued confinement and that his petition is properly before this Court.[2]

As part of its Answer, the Commonwealth has appended the relevant documents. With credit for time already served, the petitioner's minimum release date was calculated as November

---

[2] See: Answer of the Commonwealth at p.5.

20, 2003 and his maximum release date as November 20, 2013.³

Following the expiration of the petitioner's minimum sentence, on May 26, 2004, the Board denied his application for parole citing reasons, and rescheduled him for review in or after November, 2005.⁴ Thereafter, on December 6, 2005 the Board again reciting reasons, rejected his application for parole and scheduled review in or after November 2006.⁵ Again, on January 4, 2007, his application was reviewed and it was determined that in view of the petitioner's behavioral adjustments parole to a community corrections residency with many conditions be granted and providing that his release from the residency required an approved plan.⁶ However, this decision was never implemented and on January 12, 2009, a parole order to a specialized CCC with violence prevention programming was entered.⁷ As of this date, the petitioner continues to remain incarcerated and it is this fact which he seeks to challenge here.

The relevant Pennsylvania statute, 61 P.S. §331.21 does not create a mandatory expectation of release but rather has been determined to be a matter of grace. <u>Rogers v. Pennsylvania Board of Probation and Parole</u>, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. <u>Kentucky Department of Corrections v. Thompson</u>, 490 U.S. 455 (1989). In <u>Connecticut v. Dumschat</u>, 452 U.S. 458 (1981), the Court recognized that where there

---

³ See: Exhibits 1 and 2 to the answer of the Commonwealth.

⁴ See: Exhibit 5 to the answer of the Commonwealth.

⁵ See: Exhibit 6 to the answer of the Commonwealth.

⁶ See: Exhibit 7 to the answer of the Commonwealth.

⁷ See: Exhibit 8 to the answer of the Commowealth.

is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since parole release was never implemented. This matter was made clear by the Commonwealth Court in considering petitioner's appeal wherein the Court stated:

> Upon consideration of respondent's PO in the nature of a demurrer, the demurrer is sustained, and the PFR is dismissed. *A prisoner has no right to be released until the parole order is executed. Pre-release decisions are discretionary...* (emphasis added).[8]

Thus, as a matter of state law, the petitioner had no vested liberty interest until such time, if ever, that he is actually released on parole. As a matter of state law, such issues are not subject to review here. Taylor v. Horn, 504 F.3d 416 (3d Cir. 2007), cert. denied 129 S.Ct.92 (2008). Because we conclude that at this juncture Hill has no more than a hope of being paroled, no constitutional violation has occurred and he is not entitled to relief here since no infringement on a federally protected right as determined by the Supreme Court has occurred.

Accordingly, it is recommended that the petition of Robert Bell for a writ of habeas corpus be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[8] See: Exhibit 9 to the answer of the Commonwealth,

|  |  |
|---|---|
|  | Respectfully submitted, |
| Entered: November 12, 2009 | s/Robert C. Mitchell,<br>United States Magistrate Judge |